[Crim. No. 989. In Bank.—February 11, 1903.]

In the Matter of the Application of H. S. ROBINSON for Writ of Habeas Corpus on behalf of FRANK PETERSON, a Minor.

PRESTON SCHOOL OF INDUSTRY—POWER OF SUPERIOR COURT—HABEAS CORPUS.—Under the act of March 26, 1895, (Stats. 1895, p. 122,) a commitment cannot be made by the superior court to the Preston School of Industry except of a minor convicted of felony in the superior court. A commitment thereto by the superior court of a

minor convicted of a misdemeanor in a justice's court is without authority of law; and such minor will be released upon *habeas corpus*.

APPLICATION for writ of *habeas corpus* to the sheriff of Alameda County, acting under commitment by the Superior Court of Alameda County. John Ellsworth, Judge.

The facts are stated in the opinion of the court.

Robinson & Robinson, for Petitioner.

George Samuels, Deputy District Attorney, for Respondent.

SHAW, J.—This is an application for a writ of *habeas corpus* to obtain the release of Frank Peterson, a boy twelve years of age, in the custody of the sheriff of Alameda County, under a commitment issued from the superior court of that county to the Preston School of Industry. It appears from the petition and the return that the boy was arrested and brought before a justice's court in that county upon a charge of having committed the larceny of three pigeons, in connection with three other boys, charged jointly with him; that upon arraignment Peterson pleaded guilty, and thereupon the justice suspended judgment and remanded him to the custody of the sheriff of Alameda County. Three days thereafter, one John H. Ravekes, who does not appear to have been a relative of the boy, filed in the superior court of Alameda County a petition, reciting that the boy had been found guilty of petit larceny, and alleging that the justice made an order finding him to be a fit subject for commitment to the Preston School of Industry, and suspended sentence upon the plea, in order that the boy might be examined and committed by the judge of the superior court of that county to the Preston School of Industry, and praying for a commitment accordingly. In fact, however, the justice did not make any order finding him to be a fit subject for admission to the Preston School of Industry. The record in the justice's court merely shows that he suspended sentence upon the plea. Thereupon the boy was brought before the superior court and examined, and, after hearing the testimony of several witnesses, an order of commitment was issued, directing the sheriff to take the boy and deliver him to the custody of the

superintendent of the Preston School of Industry, there to be kept for the period of three years, or until legally discharged.

The question presented by the petition is whether or not, under the laws of this state, a minor under eighteen years of age, who has been found guilty of a crime by a justice of the peace, can be thereupon, for that cause alone, by an order of the superior court, committed to the Preston School of Industry.

The Preston School of Industry was established by the act of March 11, 1889, and the provisions concerning the commitments to the institution are contained in sections 15 and 16 of the act (Stats. 1889, p. 103). They are as follows:—

"Section 15. When any boy under the age of eighteen years shall be found guilty, by a magistrate or court of competent jurisdiction, of any offense punishable by fine, or by imprisonment, or by both, and who, in the opinion of such magistrate or court, would be a fit subject for commitment to the said school, it shall be lawful for the magistrate or court to suspend judgment or sentence (except when the penalty is life imprisonment or death), and to commit such boy to the said school for a period not exceeding the time when he shall attain his twenty-first birthday, unless sooner discharged by law, or as in this act provided; but no boy who is under the age of eight years, or who is of unsound mind, shall be committed to the said school. . . . It shall be the duty of all courts and magistrates committing any boy to such school to certify to the superintendent thereof the age of the person so committed, as nearly as can be ascertained by testimony taken under oath before such court or magistrate, or in such manner as the court or magistrate may direct.

"Section 16. Before any commitment, made by a police court, or by a justice of the peace, under this act, shall be executed, it shall be approved by a judge of the superior court of the county in which the police court or justice of the peace has jurisdiction, and his approval indorsed on the warrant of commitment. But if such sentence shall be disapproved, the police court or justice of the peace shall then impose the ordinary sentence prescribed by law."

Under the provisions of these sections, any minor under the age of eighteen could be committed to the institution, whether found guilty by a superior court or by a justice of the peace

or other inferior magistrate, including persons guilty of ordinary misdemeanors and persons guilty of felonies. The only restriction upon the power of a justice of the peace or judge of a police court in this respect was, that their commitments should be first approved by a judge of the superior court of the county, and the approval indorsed on the warrant; but the commitments of persons charged with crimes cognizable by such court were made direct by the justice or judge of those courts, and not by the superior court. On March 26, 1895, however, another act was passed (Stats. 1895, p. 122), which, with reference to this subject, contained the following provisions: "Section 1. The superior judge of any county and no other judicial officer, shall have power to examine, discharge, or commit any offender either to the Whittier State School or the Preston School of Industry." The section contained a further provision to the effect that the superior judge should determine whether the parent or guardian was able to pay for the maintenance of the minor during the commitment, and should make an order requiring him to pay eleven dollars per month, in case he should find him able to do so.

On behalf of the respondent it is claimed that the only effect of this act is to substitute the superior judge as the officer who should act, after conviction, instead of the justice of the peace and police justices in all cases arising in those inferior courts, and that it does not have the effect of excluding from the institution persons found guilty of offenses in those courts. The petitioner, however, insists that the effect of the act is to limit the class of persons who can be committed to the institution to those who are found guilty in the superior court, and that it was the intention of the act not only to prevent persons from being committed by the justices of the peace or police judges, but also to exempt persons charged in those courts from the operations of the act of 1889.

We are of the opinion that the latter contention should prevail. Some light is thrown upon the intention of the legislature in enacting the act of 1895 by a consideration of the previous legislation regarding the Whittier State School and the Preston School of Industry. Both these institutions were established by the legislature of 1889, and the acts establishing them each provided that persons could be committed to

the institution direct from justices' courts and police courts, in cases of conviction in those courts. (Stats. 1889, p. 103, secs. 15, 16, and p. 115, secs. 16, 18.) Section 16 of the act establishing the Whittier State School provided for the commitment to that school of minors "*convicted* before any court of competent jurisdiction." Section 18 provided that where any minor was "arraigned for trial" in any court of competent jurisdiction, with the consent of the accused, the proceedings could be suspended at any time and the minor committed. In 1893 these two sections were amended. Section 16 was changed by substituting the words "found guilty by a superior court" for the words "convicted before any court of competent jurisdiction," and adding some further restrictions. Section 18 was amended only by changing the age limit of minors who could be committed, but the power in "any court of competent jurisdiction" to commit, "with the consent of the accused," was left as it was before.

This was the condition of the law when the act of 1895 was passed, applying to both schools, and providing that the superior judge alone should have the power to examine and discharge or commit any offender. The effect of this act of 1895, if it cannot be considered as abolishing the right to commit persons charged before an inferior magistrate, would be to give the superior court jurisdiction to commit minors convicted in an inferior court, without making any provision whatever for any procedure by which such persons could be brought before the superior court and subjected to its authority. In that case we should be compelled to resort to the provisions of section 187 of the Code of Civil Procedure, providing that when jurisdiction is given to any judicial officer by a statute, all the means necessary to carry it into effect are also given, and that if the procedure is not pointed out by the statute, any suitable mode may be adopted. But we think it is clear that such was not the intention of the act. There is nothing in the language of the act of 1895 which purports to confer jurisdiction not already existing. The language is negative rather than affirmative, and seems rather to be intended to divest jurisdiction than to confer it. The most obvious interpretation to be given to it is, that the purpose was to take away any power to make such commitments except that already vested in the superior judge. That it would have

this effect in the case of the Whittier State School there can be no question, and the practice throughout the state ever since has been in conformity with this purpose, so far as that school is concerned. There is nothing to indicate that it was intended to have a different effect with reference to the Preston School of Industry. The circumstances were manifestly the same, and the effect should be the same. Indeed, it may be said that there was greater reason for preventing minors convicted of petty offenses before the inferior courts from being committed to the Preston School of Industry than existed in reference to the Whittier State School; for, under the act relating to the Whittier State School, boys who were not guilty of any crime, but were simply unruly and incorrigible, could be committed by the superior court; whereas in the case of the Preston School of Industry, commitments were limited to those guilty of crime, and it was evident that it was expected that they would be largely composed of those guilty of felony. It is not good policy to allow minors who have simply become unruly and incorrigible, or who have committed some petty misdemeanor, to be associated with those who have advanced so far as to become felons. No better school could be devised for the purpose of inculcating habits and thoughts of crime. The present case furnishes a good illustration of the evil effects of such a policy. This boy, twelve years of age, with three others, committed the heinous offense of stealing three pigeons, and for this infraction of the law he is to be practically confined for three years in the institution at Preston, undergoing a course of instruction in industry in association with a lot of older boys convicted of felony. It is not to be presumed that the legislature intended to continue such a system, but rather that the purpose was thereafter to confine the power to commit persons to the Preston School of Industry to those who should be charged in the superior court, either with some crime amounting to a felony or with the commission of some misdemeanor of which that court has jurisdiction, either original or upon appeal.

The conclusion is, that in cases of minors convicted of crimes in the inferior courts, there no longer exists the power to commit to the Preston School of Industry for that cause alone, and that the commitment issued by the superior court

of Alameda County in this case is without authority of law and void.

It is therefore ordered that the said Frank Peterson be released from custody.

Angellotti, J., Lorigan, J., Van Dyke, J., and Beatty, C. J., concurred.